DEBORAH M. SMITH
Acting United States Attorney

LEA A. CARLISLE
Trial Attorney
Department of Justice, Tax Division
lea.a.carlisle@usdoj.gov
THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907) 271-5071
Fax: (907) 271-1500
thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:06-cr- |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| v. ) | |
| ) | |
| ) | |
| LEIGH GILBURN, ) | |
| a.k.a. TAMORY LEE GILL, ) | |
| a.k.a. TAMORY L. GILL, ) | |
| a.k.a. T. LEIGH GILL, ) | |
| a.k.a LEIGH GILL ) | |
| ) | |
| Defendant. ) | |
| ) | |

1653683.1

I.    **INTRODUCTION**

A.    This document contains the complete plea agreement between the United States and the defendant, LEIGH GILBURN. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

B.    Because this case arises out of conduct occurring after November 1, 1987, the defendant's sentence will be determined in part by application of the United States Sentencing Commission Guidelines (U.S.S.G.). The Guidelines are advisory in nature, and no longer mandatory.

C.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

D.    In summary, the defendant agrees to waive indictment by the grand jury and plead guilty to Count 1 of the Information, admitting that she attempted to evade the assessment of her federal income tax for the year 2002.

II.    **WHAT THE DEFENDANT AGREES TO DO**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these

obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing, during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A.   **CHARGES**

The defendant is currently charged with the following in the Information filed in this case: Count 1, Attempted Tax Evasion, in violation of Title 26, United States Code, Section 7201. Pursuant to this written agreement, the defendant agrees to waive indictment by the grand jury and plead guilty to Count 1 of the Information.

B.   **AGREED UPON SENTENCE**

The parties have not agreed upon a recommended sentence.

## C.   **COOPERATION**

1.     The defendant agrees to cooperate in all federal, state and local investigations and prosecutions as requested of her. The defendant understands and agrees a government motion for a substantial assistance departure is not a reward for cooperating with the United States. Federal law enforcement officers or an authorized representative of the United States Attorney's office will conduct debriefings of the defendant pursuant to this agreement. The defendant will fully and truthfully disclose all information concerning all individuals associated with the subject being inquired about, including any statements such individuals made to the defendant concerning their activities and associations. The defendant will not be permitted to refuse to answer any questions asked of her.

2.     The defendant agrees she must provide truthful and complete information at all times. During any debriefing, the defendant agrees to totally disclose all relevant information even if a question specifically seeking such information is not asked. The United States will consider it materially misleading and will consider it unsatisfactory if the defendant simply answers all questions truthfully but fails to disclose relevant information because, in her belief, no one

asked precisely the right question. The defendant also agrees to turn over to the United States any documents in her possession or under her control that are relevant to the inquiries of law enforcement. The defendant understands and agrees that if she provides false or incomplete information or testimony during any judicial proceeding, including grand jury, she will have materially breached this agreement. The defendant is aware she subjects herself to prosecution for perjury, giving false statements, or obstruction of justice if she provides false or misleading information or testimony at any time, and she agrees her statements can and will be used against her during any prosecution for these other offenses.

        3.     **The defendant understands that if she falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of the plea agreement.** It will also be a material breach of the defendant's obligation to cooperate if she informs, directly or indirectly, any person that they are a target of a government investigation. While

this agreement is in effect, it will be a material breach, if the defendant violates any local, state, or federal law.

4.      The defendant agrees that her obligations under this agreement will continue on beyond the time that the court imposes the sentence. The defendant has a continuing obligation, if called upon, to testify truthfully before either a grand jury or a trial jury or a court in one or more trials, sentencings, or other court proceedings. A failure or refusal to do so will be a material breach of this agreement and the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter, including any charges the government has agreed to dismiss.

5.      The defendant understands that the United States **may** file a motion for a substantial assistance departure on the defendant's behalf, if, in the United States Attorney's opinion, the information provided by defendant results in the investigation or prosecution of another individual who has committed an offense.

6.      The defendant understands this agreement does not confer any immunity on her for making false statements to the government or giving

U S v Gilburn
3:06-cr-                        Page 6 of 21                    1653683.1

untruthful testimony under oath at any judicial proceeding. This agreement **does not** provide use immunity to the defendant in a prosecution for any future acts.

### D.   WAIVERS OF APPELLATE AND COLLATERAL ATTACK RIGHTS

The defendant understands that by pleading guilty she waives her right to appeal her conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the maximum statutory penalties available for the offense of conviction, including any forfeiture under this plea agreement, she will knowingly and voluntarily waive her right, contained in 18 U.S.C. § 3742, to appeal the sentence--including any forfeiture--imposed. Furthermore, the defendant also knowingly and voluntarily agrees to waive her right to collaterally attack her conviction and/or sentence--including forfeiture and any conditions of supervised release. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to her conviction or sentence alleging ineffective assistance of counsel--based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by her by the time the court imposes sentence; and 2) a challenge to the voluntariness of her guilty plea. The

defendant agrees that if her guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if her sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

E.    The defendant agrees to pay the special assessment owed in this case on the day the court imposes sentence. The defendant understands that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare. Additionally, the defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the defendant's last Federal Income Tax form filed. Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001. The defendant agrees to return the statement and all required attachments to the United States prior to the release of the draft presentence report prepared by the United States Probation office. A failure to abide by this condition or a failure to

prove truthful and complete financial information will be a breach of this agreement.

III.   **WHAT THE GOVERNMENT AGREES TO DO**

A.   In exchange for the defendant's plea of guilty to Count 1 of the Information in this case, the United States agrees not to prosecute the defendant further for any offense--now known--arising out of the subject of the investigation, including tax evasion or failure to file tax returns.  Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if her sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

B.   The government agrees that relevant conduct shall be determined based on the loss amount for years 1997 through 2002.  If, however, the defendant withdraws from this plea agreement or elects not to go through with his plea of guilty, this limitation will not apply and the government will be entitled, at any subsequent sentencing, to argue for any relevant conduct amount for which it has evidentiary support.

C.    If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting her criminal conduct and she meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a three-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation. This section does not prohibit the United States from arguing for the application of any upward guideline adjustments to the court's sentence calculation.

IV.    **MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE**

A.    The maximum statutory penalties for Count 1, as charged in the Information, include the following: 1) imprisonment for a term of up to five years, 2) a fine of $250,000, 3) a $100 mandatory special assessment, and 4) a term of supervised release up to three years.

B.    Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

U S v Gilburn
3:06-cr-                           Page 10 of 21                         1653683.1

C.      Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

D.      Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.      All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.      JOINTLY RECOMMENDED GUIDELINE APPLICATIONS AND SENTENCING ISSUES

**BASE OFFENSE LEVEL ((U.S.S.G. §2T1.1(a)(1))(based on tax loss of more than $80,000 but not more than $200,000) . . . . . . 16**

**ACCEPTANCE OF RESPONSIBILITY . . . . . . . . . . . . . . . . . . -3**

**ESTIMATED TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13**

**ESTIMATED CRIMINAL HISTORY . . . . . . . . . . . . . . . . . . . . . I**

**SENTENCING RANGE . . . . . . . . . . . . . . . . . . . . 12-18 MONTHS**

**STATUTORY CAP . . . . . . . . . . . . . . . . . . . . . . . . . . . 60 MONTHS**

**FINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Up to $250,000**

U S v Gilburn
3:06-cr-

1653683.1

A.    The parties agree that U.S.S.G. §2T1.1 applies to a violation of Title 26, United States Code, Section 7201. This section requires the offense level to be determined by the corresponding tax loss. The United States estimates that for purposes of sentencing in this case, the value was $181,000.

The defendant understands the court may grant up to a three-level downward adjustment for acceptance of responsibility if the defendant meets the criteria set forth in U.S.S.G. § 3E1.1. This agreement does not preclude defendant from arguing for additional downward adjustments, nor preclude the government from arguing for upward adjustments.

B.    The parties have no agreement on the defendant's appropriate fine.

VI.    **ELEMENTS OF THE OFFENSE**

A.    In order to sustain a conviction for Attempted Tax Evasion, a violation of Title 26, United States Code, Section 7201, as charged at Count 1of the Information, the United States would have to prove beyond a reasonable doubt the following elements:

First, that the defendant attempted to evade or defeat a tax or the payment thereof;

Second, that an additional tax was due and owing; and

U S v Gilburn
3:06-cr-

1653683.1

Third, that the defendant acted willfully, intentionally disregarding a known legal duty and not acting as a result of negligence.

## VII.   **FACTUAL BASIS FOR THE PLEA**

The government and the defendant stipulate that the following facts are true and correct, and would be proven at a trial by the United States:

The defendant had a tax due and owing during the years 1997, 1998, 1999, 2000, 2001, and 2002, the defendant committed affirmative acts to evade assessment of tax or the payment of tax for each of those years, including 1) filing a false, fraudulent, and frivolous 1997 Form 1040, US Individual income tax return, with the IRS falsely claiming defendant earned zero income, had zero tax due and owing, and claiming a refund; 2) submitting false Forms W-4, Employee's Withholding Allowance Certificate, to her employers falsely and fraudulently claiming defendant was exempt from federal withholding, 3) structuring transactions to avoid Currency Transaction Reports to the IRS, 4) filing a frivolous appeal of defendant's 1997 tax assessment with the US Tax Court to delay IRS processing of her case, 4) transferring her home and two vehicles into a nominee corporation, 5) sending voluminous correspondence to the IRS claiming that no such person as TAMORY L. GILL existed and that the

IRS owed defendant thousands of dollars for erroneously sent mail, and 6) dealing extensively in cash and cashiers checks. The defendant committed these affirmative acts of evasion wilfully. Despite earning sufficient income to be required to file an income tax return, the defendant also failed to timely file Forms 1040, US Individual Income Tax Returns, with the IRS for the tax years 1998, 1999, 2000, 2001, and 2002 or to timely pay the tax due and owing. The defendant admits that for sentencing purposes the amount of tax owed was approximately $181,000 for 1997-2002.

## VIII.  **ADEQUACY OF THE AGREEMENT**

This plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence if she had gone to trial and had been convicted on all counts in the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate herself.

## IX.   **DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT**

I, Leigh Gilburn, being of sound mind and under no compulsion or threats,

or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

    A.    I wish to enter a plea of guilty to Count 1 of the Information, which charges me with Failure to File a Tax Return.

    B.    My attorney, Michael Spaan, has explained the charge to which I am pleading guilty and the necessary elements, and the consequences of my plea.

    C.    I am admitting that the allegations against me in Count 1 of the Information and the factual basis for my plea are true.

    D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

> –     The right to have the charges against me presented to the grand jury prior to entering my plea of guilty;
>
> –     The right to plead not guilty or to persist in that plea if it has already been made;
>
> --     The right to a speedy and public trial by a jury on the issues of my guilt and the forfeitability of my interest in the Forfeiture Assets;

--     The right to object to the composition of the grand or petit jury;

--     The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

--     The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

--     The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

--     The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

--     The right to contest the validity of any searches conducted on my property or person, or the validity of any seizures involving Forfeiture Assets.

E.     I am fully aware that if I were convicted after a trial and sentence

were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, including a fine or supervised release, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for these offenses. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel-- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney, Michael Spaan. We have discussed all possible defenses to the charges in the Information. My attorney has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and they have taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission

Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case.

F.    I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G.    I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorneys, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H.    I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that I am waiving my right to appeal the court's sentencing decision.

I.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

J.    This document contains all of the agreements made between me, my attorneys, and the attorneys for the United States regarding my plea. There are no

other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that, pursuant to 21 U.S.C. § 862, I may lose or be denied federal benefits, loans, grants, licenses, welfare, and food stamps as a result of being convicted of the offenses contained in the charging document. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Count 1 of the Information, which charges me with Attempted Tax Evasion.

DATED:  _05/02/06_                    _____
                                      LEIGH GILBURN
                                      Defendant

U S v Gilburn
3:06-cr-                    Page 19 of 21                    1653683.1

As counsel for the defendant, I have discussed with her the terms of this plea agreement, have fully explained the charge to which she is pleading guilty and the necessary elements, all possible defenses, and the consequences of her plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question her competency to make these decisions.

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court .

I further certify that as of the date of this agreement I am not a party to any Joint Defense Agreement in this case, and that to the best of my knowledge, no privileged information has been utilized in negotiating this agreement or in any proffer or discussion among the government attorneys and agents, my client, and myself.

DATED: 05/08/06

MICHAEL SPAAN, ESQ
Attorney for Defendant

U S v Gilburn
3:06-cr-                    Page 20 of 21                    1653683.1

On behalf of the United States, the following accept Defendant's

offer to plead guilty under the terms of this plea agreement.

DATED: _5/10/06_

_____
LEA A. CARLISLE
Trial Attorney
US Department of Justice, Tax
Division

DATED: _5/16/06_

_____
TOM BRADLEY
Assistant U.S. Attorney

DATED: _June 22, 2006_

_____ (for)
DEBORAH M. SMITH
Acting United States Attorney